# Thomas S. Battelle, plaintiff in error, *vs.* J. Bridgman & Co., defendants in error.

### *Error to Muscatine.*

Where a writ of error was sued out, before the law required a writ of error bond to operate as a supersedeas, a change of the law would not operate upon the case so as to allow a dismissal of the writ. Nor would a change of the time of suing out the writ, operate upon a case already in court.

Although the confession of a judgment is a waiver of formal errors, it does not prevent the defendant from seeking to reverse the judgment confessed, for errors of substance.

The only points decided in this case were on a motion to dismiss the writ of error, which are recited in the opinion of the court.

WHICHER, for plaintiff in error.

LOWE, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—In this case it is moved to dismiss the writ of error for the following reasons :

1. Because no writ of error bond has been executed by the plaintiff in error.

2. Because the writ of error was not sued out within the time prescribed by law.

3. Because the judgment brought up by the writ of error was one of confession, and all errors released.

The first and second of the above reasons, will be disposed of by observing that the writ of error was brought before the new law took effect. No bond was then necessary, unless the party wished to have the writ operate as a supersedeas. The law at that time also gave the party two years within which to bring his writ of error. It seems to have been brought within that time. The subsequent change of the law would not operate on a case already in court.

As to the third reason above set forth for the dismissal of the writ, it is to be observed that although the confession of a judgment is a waiver of formal errors, it does not prevent the defendant from objecting in this manner to errors of substance. If for instance the power of attorney authorized the entering up of a judgment for a particular sum, and the

judgment should actually be entered up for a larger amount, is the party prevented from seeking a remedy in this way ?   Such it is contended is the case in the present instance.   Motion overruled.